UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In re:  Case No. A06-00350-DMD<br><br>KIT LEE KARJALA,<br><br>   Debtor. | Chapter 7<br><br>**Filed On**<br>**2/28/07** |
| KEY BANK USA, NATIONAL ASSOCIATION,<br><br>   Plaintiff,<br><br>   v.<br><br>KIT LEE KARJALA,<br><br>   Defendant. | Adv. No. A06-90058-DMD |

## MEMORANDUM REGARDING DISMISSAL

Key Bank has filed a complaint against this chapter 7 debtor seeking to determine the dischargeability of a state court judgment of $14,495.25. The judgment represents the outstanding balance on a student loan. The defendant has moved to dismiss the complaint. She alleges that Key Bank is an improper party plaintiff and that there is no case or controversy requiring declaratory judgment. I disagree with the defendant. Her motion to dismiss will be denied.

A chapter 7 discharge does not discharge a debtor from a student loan debt "unless excepting such debt from discharge . . . would impose an undue hardship on the

debtor and the debtor's dependents."[1]  A creditor is not required to bring an action to determine the dischargeability of student loan debts in bankruptcy court.  Unlike other subsections of § 523(a) which except other kinds of debt from discharge,[2] § 523(a)(8) is self-executing.  A student loan is not discharged in bankruptcy unless undue hardship is shown.

The debtor argues that because § 523(a)(8) is self-executing, the plaintiff's complaint should be dismissed. I disagree. By "self-executing," Congress simply meant that a creditor was not required to file a nondischargeability complaint.[3]  Creditors may, and do, file such complaints, however.  In one of the three cases cited by the defendant for dismissal, the nondischargeability complaint was initiated by the creditor.[4]  In the two remaining cases, neither court ruled that a student loan creditor was somehow barred from filing a dischargeability complaint.  In *United States v. Bradburn*,[5] the federal district court found that the government was not required to file a dischargeability complaint in bankruptcy court prior to suing on the debt.  The court nonetheless entered a judgment in favor of the creditor, the United States.  In *Buford v. Higher Education Assistance Foundation*,[6] a federal district

---

[1] 11 U.S.C. § 523(a)(8).

[2] Creditors holding claims arising under 11 U.S.C. § 523(a)(2), (4) or (6) [for money obtained under false pretenses; fraud, defalcation, or embezzlement; or willful and malicious injury] must file a timely complaint in the bankruptcy court to except these categories of debt from discharge.  *See* 11 U.S.C. § 523(c)(1); Fed. R. Bankr. P. 4007(c).

[3] S.Rep. 989, 95th Cong., 2d Sess. 90 (1978).

[4] *N. Dakota Bd. of Higher Educ. v. Frech (In re Frech)*, 62 B.R. 235 (Bankr. D. Minn. 1986).

[5] 75 B.R. 108 (S.D. Ind. 1987).

[6] 85 B.R. 579 (D. Kansas 1988).

2

court heard an appeal of a bankruptcy court ruling which enjoined a student loan creditor from collection until it had filed a complaint to determine dischargeability of the debt. The district court reversed the bankruptcy court decision. It found that the creditor did not have to file a dischargeability complaint before initiating collection proceedings. These reported decisions simply do not support the defendant's position.

The defendant's position is also contrary to Fed. R. Bankr. P. 4007(a), which provides that "(a) debtor or any creditor may file a complaint to obtain a determination of the dischargeability of any debt."[7] Debtors and creditors alike have standing to be a plaintiff in an adversary proceeding seeking a determination of the dischargeability of a debt. Except for § 523(c) actions, the complaint may be filed at any time.[8]

Finally, the defendant alleges there is no immediate and real case or controversy here. Again, I disagree. There is a state court judgment for $14,495.25 in favor of the plaintiff. The defendant has filed a chapter 7 petition. In response, the plaintiff has filed an action to determine the dischargeability of its debt. This is not a proceeding under the federal Declaratory Judgment Act. The Supreme Court's decision in *Maryland Casualty Co. v. Pacific Coal & Oil Co.*,[9] does not apply here.

---

[7]Fed. R. Bankr. P. 4007(a).

[8]Fed. R. Bankr. P. 4007(b).

[9]312 U.S. 270 (1941).

3

For the foregoing reasons, the defendant's motion to dismiss will be denied. The defendant will be given 20 days to file an answer to the plaintiff's complaint. An order will be entered consistent with this memorandum.

DATED: February 28, 2007.

                                    BY THE COURT

                                    /s/ Donald MacDonald IV
                                    DONALD MacDONALD IV
                                    United States Bankruptcy Judge

Serve:  M. Jakubovic, Esq.
          C. Johansen, Esq.
          P. Gingras, Adv. Case Mgr. - served 2/28/07 – pg.

                02/28/07